**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DANIEL SANDERS, ADC #94279             *
                                        *
              PETITIONER,               *
vs.                                     *
                                        *       No. 5:10-cv-00323-SWW-JJV
RAY HOBBS, Director, Arkansas           *
Department of Correction,               *
                                        *
              RESPONDENT.               *

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner, Daniel Sanders, an inmate in the Varner Unit of the Arkansas Department of Correction (ADC), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1).

## I.    BACKGROUND

On March 15, 2007, Mr. Sanders was convicted by a jury in Pulaski County, Arkansas, of robbery, theft of property, misdemeanor possession of a controlled substance, and battery in the second degree.  (Doc. No. 13, Ex. 1).  Mr. Sanders was sentenced as a habitual offender and received a sentence of 540 months in the Arkansas Department of Correction (ADC).  (*Id.*).

On April 6, 2007, Mr. Sanders filed a *pro se* motion for new trial, arguing that his Sixth Amendment rights were violated in six ways: (1) his court appointed attorney, Ms. Greta Faulkner,   had evidence which would have proved his innocence, but she "failed her duties as [his] lawyer by not assisting [his] paid lawyer, which was John May, after he was retained by defendant's spouse" and Ms. Faulkner did not advise Mr. May of the phone records or any witnesses other than Anthony Washington;" (2) he was improperly arrested and the arresting officers altered evidence and lied about the basis for the warrant which resulted in his arrest; (3)

2

the victim told conflicting stories; (4) on the morning of trial, there was improper contact

between the potential jurors, the victim, and other witnesses resulting in an unfair trial; (5) his

attorney failed to introduce phone records and certain documents in the sentencing phase of his

trial; and (6) the court continued the trial in Mr. Sanders absence after Mr. Sanders refused to

participate.  (Doc. No. 13, Exs. 2, 5).

The Circuit Court of Pulaski County denied, without a hearing, Mr. Sanders' *pro se*

motion for a new trial on May 7, 2007.[1]  (Doc. No. 13, Ex. 3).   The court found that Mr.

Sanders' claim that Ms. Faulkner had evidence which would have proved his innocence was

conclusory and Mr. Sanders failed to show that the evidence would have been exculpatory or

even admissible.  (*Id.*).  Furthermore, regarding Mr. Sanders' claim that Ms. Faulkner failed to

assist Mr. May, the court found that Mr. Sanders had failed to "demonstrate[] any prejudice or

show[] that a new trial [was]warranted based on this allegation."  (*Id.*).  The court also rejected

Mr. Sanders' remaining Sixth Amendment claims.  (*Id.*).

Because of attorney error, no notice of appeal was filed on Mr. Sanders' behalf, despite

his requests for one to be filed.  (Doc. No. 13, Ex. 5).  Therefore, the Arkansas Supreme Court

"granted [Mr. Sanders'] *pro se* motion for belated appeal and directed the clerk to lodge the

record so that the appeal from the judgment and commitment order [could] proceed."[2]  (*Id.*).  Mr.

Sanders' appellate counsel, Leah Lanford, filed the appeal on his behalf arguing that the trial

court erred in denying Mr. Sanders' motion for a new trial without granting him a hearing,

---

[1]Mr. Sanders did not request a hearing on his *pro se* motion as provided for in Arkansas Rule of Criminal Procedure 33.3.  (Doc. No. 13, Ex. 5).

[2]The Arkansas Supreme Court found that Mr. Mays violated several rules of professional conduct in failing to file a notice of appeal on Mr. Sanders behalf.  Mr. Sanders was cautioned by the Arkansas Supreme Court Committee on Professional Conduct and ordered to pay $50.00 to the Office of Professional Conduct.  (Doc. No. 1).

thereby denying him the right to direct appeal.   (Doc. No. 13, Ex. 4).

On December 9, 2009, the Arkansas Court of Appeals upheld the decision of the circuit court and denied Mr. Sanders' motion for a new trial.  (Doc. No. 13, Ex. 5).  The Arkansas Court of Appeals noted that "[a]s the sole point of this appeal, counsel contends that the trial court erred in denying appellant's motion for new trial without granting him a hearing, as required by statute, on his claim of ineffective assistance of counsel, thus denying appellant's right to direct appeal." (*Id.*).  The Arkansas Court of Appeals found that "[t]he trial court's order is well considered and well reasoned, addressing appellant's grounds for a new trial, many of which did not involve claims of ineffective assistance of counsel." (*Id.*).  Furthermore, the court noted that "it is undisputed that no hearing was requested. A hearing under Rule 33.3 is mandatory only when requested. If a hearing is not requested, then the decision of whether to hold a hearing is a matter of discretion for the trial court." (*Id.*).  The Arkansas Court of Appeals  found that the circuit court did not abuse its discretion in denying Mr. Sanders' motion for a new trial without a hearing.  (*Id.*).  The mandate affirming the conviction was issued on December 29, 2009.  (Doc. No. 1).

On March 2, 2010, Mr. Sanders filed a Petition for Post-Conviction Relief Pursuant to Arkansas Rule of Criminal Procedure Rule 37 (Rule 37 Petition).  (Doc. No. 18, Ex. 6).  In his Rule 37 Petition, he alleged that both his pre-trial and trial counsel were ineffective for the following reasons:

1) "His pretrial counsel failed to investigate and prepare a defense;"

2) "His pretrial counsel failed to provide the case working file to retained attorney until the day of trial;"

3) "His trial counsel failed to investigate and prepare a defense;"

4) "His counsel(s) failed to interview the alleged victim;"

4

5) "His trial counsel failed to introduce certain evidence;" and

6) "His trial counsel failed to file appeal upon [Mr. Sanders] request."

(Doc. No. 18, Ex. 6).

On July 23, 2010, the circuit court denied Mr. Sanders' Rule 37 Petition as untimely.[3] (Doc. No. 18, Ex. 7).  The court found that "[t]he instant petition, filed sixty-three days after the mandate affirming the defendant's convictions was issued, is not timely."  (*Id*.).  Mr. Sanders did not appeal the denial of his Rule 37 petition as untimely.

Mr. Sanders filed his instant Petition for Writ of Habeas Corpus on November 8, 2010. (Doc. No. 1).  In his Habeas Petition, he sets forth the exact same grounds for relief as in his Rule 37 Petition.

On December 7, 2010, the Respondent filed a Response contending that all of Mr. Sanders' claims of ineffective assistance of counsel are procedurally defaulted.  (Doc. No. 13).

## II.    DISCUSSION

In this case, Mr. Sanders failed to properly present his ineffective assistance of counsel claims in both his Motion for a New Trial (Doc. No. 13, Ex. 4) and his Rule 37 Petition (Doc. No. 18, Ex. 6).

A state prisoner, prior to seeking federal habeas review, must first fairly present the substance of each claim to each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); See 28 U.S.C. §2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This exhaustion

---

[3]Arkansas Criminal Procedure Rule 37.2(c) provides, in pertinent part, "[i]f an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court. ARK. R. CRIM. P. 37.2(c).

requirement is in place to afford the state courts the opportunity to correct any constitutional

errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981);

*Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal

policy for it would be unseemly in our dual system of government for a federal district court to

upset a state court conviction without an opportunity to the state courts to correct a constitutional

violation") (citations omitted).

Only when the claimant has afforded the "highest state court a fair opportunity to rule on

the factual and theoretical substance of his claim" will the claim be considered exhausted.

*Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). Claims in a federal habeas petition that

were not exhausted in state court and for which there is no remaining state court remedy are

procedurally defaulted. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). A federal

habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state

court. *Id*.

Furthermore, a federal court is precluded from considering a habeas corpus claim that a

"state court has disposed of on independent and adequate non-federal grounds, including state

procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Reagan v.

Norris*, 279 F.3d 651, 656 (8th Cir. 2002). This includes cases in which the state court judgment

turns on an independent and adequate state procedural ground, such as a determination that a

claim is procedurally defaulted. *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995); *Reagan*, 279

F.3d at 656.   Where the state court dismisses a habeas petitioner's claims based on the failure to

fairly present their claims to the state court or dismiss their claims based on independent and

adequate state law grounds, federal habeas review is permitted only if the petitioner can

demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of

federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice; that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

### A.   Motion for New Trial

While Mr. Sanders raised several ineffective assistance of counsel claims in his original motion for a new trial (Doc. No. 13, Ex. 2), which was denied by the circuit court (Doc. No. 13, Ex. 3), he failed to present any ineffective assistance of counsel claims in his direct appeal of the denial of his motion for a new trial.  (Doc. No. 13, Ex. 4).  In his direct appeal, Mr. Sanders argued only that the trial court erred in denying his motion for a new trial without a hearing. Therefore, Mr. Sanders failed to present the substance of his ineffective assistance of counsel claims to the appropriate state courts.

Because Mr. Sanders failed to properly exhaust his ineffective assistance of counsel claims, they are now procedurally defaulted and this Court must look at whether Mr. Sanders can show cause and prejudice or actual innocence.

### 1.   Cause and Prejudice

The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  At a minimum, a petitioner must show that "something 'external to [him], something that cannot be fairly attributed to him,' caused the procedural default."  *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Coleman v.*

*Thompson*, 501 U.S. at 753).  If the petitioner cannot show cause, the prejudice element need not be addressed.  *McClesky v. Zant*, 499 U.S. 467, 502 (1991).

In his Reply, Mr. Sanders argues that he did not raise the ineffective assistance of counsel claims in his direct appeal because his counsel instructed him not to.  (Doc. No. 16).  However, while a trial counsel's ineffectiveness for failing to preserve a claim for review may constitute cause to lift a procedural bar, a habeas petitioner cannot rely upon such ineffectiveness as cause where he has not first properly presented the ineffectiveness claim to the state courts.  *Edwards v. Carpentar*, 529 U.S. 446, 451-53 (2000) (ineffective assistance of counsel asserted as cause for procedural default of another federal claim can itself be procedurally defaulted); *Leggins v. Lockhart*, 822 F.2d 764, 768 n. 5 (8th Cir. 1987) ("A claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief.").  Mr. Sanders has failed to argue in state court that his appellate counsel was ineffective.  Therefore, he may not argue that his appellate counsel's advice establishes cause for procedurally defaulting his ineffective assistance of counsel claims.  Because Mr. Sanders does not offer any other reason for his failure to raise his ineffective assistance of counsel claims in his direct appeal, the Court finds that Mr. Sanders cannot establish cause.

Even if Mr. Sanders could establish cause, the Court finds that he cannot establish the prejudice prong.  In its opinion affirming the circuit court's denial of Mr. Sanders' motion for a new trial, the Arkansas Court of Appeals thoroughly analyzed the district court's decision on the substance of the claims presented by Mr. Sanders, including his ineffective assistance of counsel claims.  (Doc. No. 13, Ex. 5).  The court found that "[t]he trial court's order is well considered and well reasoned, addressing appellant's grounds for a new trial, many of which did not involve

claims of ineffective assistance of counsel." (*Id*.).

### 2.    Actual Innocence

A federal habeas petitioner who has procedurally defaulted may be able to proceed if he can prove actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To prove actual innocence, a petitioner must present (1) "new and *reliable* evidence that was not presented to the state courts," and (2) that in light of the new evidence "it is more likely than not that no reasonable juror would have convicted him." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir.1997) (emphasis added). The "actual innocence gateway is very limited." *Id.* "Few petitions are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id.* (citations omitted). This exception only applies to claims of actual innocence and not legal innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994).

While Mr. Sanders presents several pieces of evidence in his Habeas Petition, which he says his counsel was ineffective for failing to admit at trial, this evidence fails to establish that "it is more likely than not that no reasonable juror would have convicted him." Furthermore, as the Arkansas Court of Appeals noted, Mr. Sanders fails to show that the evidence would have been exculpatory or even admissible. Mr. Sanders has not shown that new and reliable evidence exists which tends to show his actual innocence.

### B.    Rule 37 Petition

While Mr. Sanders presented his ineffective assistance of counsel claims in his Rule 37 Petition, it was dismissed as untimely. (Doc. No. 18, Ex. 7). Because Mr. Sanders' Rule 37 Petition was filed untimely and  barred by a state procedural rule, the Court must now determine whether Mr. Sanders has shown cause and prejudice or actual innocence.

### 1.      Cause and Prejudice

In his Motion for Miscellaneous Relief, Mr. Sanders appears to be alleging that he mailed

his Rule 37 Petition on February 23, 2010, and that it arrived at the circuit court on February 24,

2010.  (Doc. No. 14).  He contends that there is a white envelope which "someone in the mail

room stamped with the clerk logo on it" which would prove that it was received by the clerk's

office on February 24, 2010.  (*Id.*).  The file stamp on Mr. Sanders' Rule 37 Petition shows the

circuit court filed it on March 2, 2010, three days after the sixty day time limit in Rule 37.2 had

expired.  While Mr. Sanders has no proof that his Rule 37 Petition was received on February 24,

2010, the failure of the clerk's office to timely file his petition may constitute cause. *Cf. Ivy v.*

*Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (holding that "nondelivery of a prisoner's timely

and properly mailed" pleading may satisfy the cause standard provided that the "nondelivery of

the [pleading] was not the result of any want of attention on [Petitioner's] part to the

requirements of the State's filing deadlines").  The Court will give Mr. Sanders the benefit of the

doubt and find that the clerk's failure to file Mr. Sanders' Rule 37 Petition until March 2, 2010

was entirely external to Mr. Sanders and that the untimely filing of it was not the result of "any

want of attention" on Mr. Sanders' part.  Therefore, the Court finds that he has met the cause

standard.

Because Mr. Sanders has met the cause standard, the Court must now determine if he has

suffered actual prejudice.  "To establish actual prejudice, [Mr. Sanders] must show that the

errors of which he complains 'worked to his actual and substantial disadvantage, infecting his

entire trial with error of constitutional dimensions.'"  *Ivy*, 173 F.3d at1141 (quoting *United*

*States v. Frady*, 456 U.S. 152, 170 (1982)).  In other words, Mr. Sanders must prove that "'but

for the constitutional violations – that he was denied effective counsel . . . – he might not have been convicted of the same crimes.'" *Id.* (quoting *Easter v. Endell*, 37 F.3d 1343, 1347 (8th Cir. 1994)).

The Court finds that Mr. Sanders cannot establish actual prejudice. See *Maxwell v. White*, Nos. 10-1066, 10-2322, 2011 WL 536498 (8th Cir. Feb. 17, 2011) (per curiam) (finding that inmate who established cause based on prison authorities failure to timely mail inmate's Rule 37 petition could not establish actual prejudice). As the Arkansas Court of Appeals found in its opinion denying Mr. Sanders' motion for a new trial, several of Mr. Sanders' allegations of ineffective assistance of counsel are conclusory. Furthermore, Mr. Sanders appears to be unhappy with his trial counsel's strategy in the case. However, there is a presumption that counsel's trial strategy is sound. See *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Mr. Sanders has not provided this Court with any evidence that his pre-trial or trial counsel's strategy was not sound.[4]

---

[4]Mr. Sanders argues that he was denied ineffective assistance of counsel when his trial counsel, Mr. Mays, failed to file a notice of appeal. While Mr. Mays was ineffective for failing to file a notice of appeal, the Arkansas Supreme Court granted Mr. Sanders' belated appeal. Furthermore, Mr. Mays was cautioned by the Arkansas Supreme Court Committee on Professional Conduct. Therefore, Mr. Sanders was not prejudiced by Mr. Mays failure to file a notice of appeal.

### 2.      Actual Innocence

For the reasons discussed above, Mr. Sanders fails to establish that new and reliable

evidence exists which tends to show his actual innocence.  Additionally, it is important to note

that the victim in Mr. Sanders' trial identified him as the man who had attacked her.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Sanders' § 2254 petition (Doc. No. 1) should be DISMISSED, and the

requested relief be DENIED; and

2.      All other pending motions should be denied as moot.

3.      A certificate of appealability should be denied.[5]

IT IS SO ORDERED this 4th day of March, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[5]Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in
the United States District Court, the Court must determine whether to issue a certificate of
appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the
applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §
2253(c)(1)-(2). The Court finds no issue on which Mr. Sanders has made a substantial showing of
a denial of a constitutional right. Thus, the Court recommends that a certificate of appealability
should be denied.